UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Ablitt & Caruolo, P.C.**

    **v.**                                      Case No. 05-cv-391-PB
                                                  Opinion No. 2006 DNH 075

**Maureen Michaud**


**O R D E R**

Ablitt & Caruolo, P.C. ("Ablitt") appeals the decision[1] of the bankruptcy court to deny its motion to dismiss an adversary proceeding brought against it by the debtor, Maureen Michaud.[2] Recognizing that this is an interlocutory appeal, Ablitt filed a motion, in the bankruptcy court, for leave to appeal. See 28 U.S.C. § 158(a); Fed. R. Bankr. P. 8001(b). Michaud agrees that this court "has the jurisdiction to hear this interlocutory appeal." Brief for the Appellee at 1. Nonetheless, I find that

---

[1] The bankruptcy court also denied Ablitt's motion to reconsider that decision.

[2] Michaud alleges that Ablitt, the law firm that represents the holder of a mortgage on her residence, willfully violated the automatic stay by continuing a "power of sale" foreclosure, see N.H. Rev. Stat. Ann. § 479:25, after the bankruptcy court confirmed her Chapter 13 plan of reorganization.

subject matter jurisdiction is lacking and accordingly dismiss Ablitt's appeal.[3]  See Perry v. First Citizens Fed. Credit Union (In re Perry), 391 F.3d 282, 284 (1st Cir. 2004).

A bankruptcy court's denial of a motion to dismiss an adversary proceeding is not a final judgment, but rather is "an interlocutory order within what may be . . . a discrete dispute" within the bankruptcy proceeding.  Stubbe v. Banco Central Corp. (In re Empresas Noroeste, Inc.), 806 F.2d 315, 316-17 (1986).  28 U.S.C. § 158(a)(3) gives this court jurisdiction over appeals, "with leave of the court," from "interlocutory orders and decrees."  Although § 158 "provides no express criteria to guide [the court's] discretion, . . . most courts utilize the same standards as govern the propriety of district courts' certification of interlocutory appeals to the circuit courts under [28 U.S.C.] § 1292(b)."  Fleet Data Processing Corp. v. Branch (In re Bank of New Eng. Corp.), 218 B.R. 643, 652 (1st Cir. B.A.P. 1998).  Accordingly, I must determine whether the bankruptcy court's order "involves a controlling question of law

---

[3] Judge DiClerico arrived at the same decision in another interlocutory appeal brought by Ablitt that involves nearly identical facts and raises the same issues.  Ablitt & Caruolo, P.C. v. Cunha, No. 05-cv-390-JD (D.N.H. May 31, 2006).

as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); <u>Bank of New Eng.</u>, 218 B.R. at 652.

Ablitt's primary argument on appeal is that its communications with Michaud "were absolutely privileged under the well-recognized state litigation privilege." Brief for the Appellant at 5. The bankruptcy court held a hearing on Ablitt's motion to dismiss and issued an order denying the motion "for the reasons set forth in the record this date." Bankr. Ct. Order (October 13, 2005). I am unable to determine whether the bankruptcy court's decision involved "a controlling question of law as to which there is substantial ground for difference of opinion" because Ablitt did not designate the hearing transcript as part of the record on appeal.[4]

Moreover, the cases cited by Ablitt in its motion for leave to appeal do not present an unsettled question of law. Rather, they recognize that "statements made in the course of <u>judicial</u>

---

[4] Although Federal Rule of Bankruptcy Procedure 8006 does not require the inclusion of a transcript in the record for all cases, here it is necessary to determine the basis for the bankruptcy court's decision.

proceedings are absolutely privileged from civil actions, provided they are pertinent to the subject of the proceeding." McGranahan v. Dahar, 119 N.H. 758, 763 (1979) (emphasis added). This absolute privilege applies to pre-litigation communications where "litigation was contemplated in good faith and under serious consideration" at the time the communication was made. Provencher v. Buzzell-Plourde Assocs., 142 N.H. 848, 855 (1998). Ablitt concedes that a foreclosure action under RSA § 479:25 is not a judicial proceeding, and it has not provided any authority to support the proposition that the privilege extends to communications made in a non-judicial foreclosure action where litigation has not been contemplated. See Def.'s Mem. of Law in Supp. of Mot. for Leave to File Interlocutory Appeal at 8. Accordingly, I decline to grant Ablitt's request for interlocutory review.

## Conclusion

For the reasons set forth above, Ablitt's motion for leave to file an interlocutory appeal is denied and its appeal is dismissed. In accordance with Federal Bankruptcy Rule 8014, all

costs of appeal shall be taxed against Ablitt.  The case is remanded to the bankruptcy court for further proceedings.

    SO ORDERED.

                                                /s/Paul Barbadoro
                                                Paul Barbadoro
                                                United States District Judge

June 27, 2006

cc:   William J. Amann, Esq.
      Raymond J. DiLucci, Esq.
      Lawrence P. Sumski, Esq.
      Geraldine L. Karonis, Esq., US Trustee
      US Bankruptcy Court – NH, Clerk